**Danny W. CARNES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–651.**

Court of Criminal Appeals of Oklahoma.

May 25, 1976.

James W. Fransein, Williams, Fransein & Savage, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., Kenneth Lisle, Jr., Legal Intern, for appellee.

OPINION

PER CURIAM:

Appellant, Danny W. Carnes, hereinafter referred to as defendant, was charged, jointly tried with a co-defendant, and convicted of the crime of Burglary in the Second Degree, in the District Court, Nowata County, Case No. CRF–74–23. Punishment was assessed at a term of three (3) years in the custody and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in

conformance with the jury verdict, the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows, to-wit: Phil Landers testified that he lived approximately two miles north of Highway 60 on Mississippi Street near Nowata. At approximately 9:00 p. m. on the evening of May 2, 1974, he and his wife returned to their home to find that an exterior door had been kicked in, the frame split out and hardware knocked off. Upon examining the interior of the home they found some drawers open and things scattered about. Nothing was missing. Landers further stated that their driveway off of Mississippi Street was approximately 100 yards long.

Loetta Landers then testified that she left her home at approximately 2:30 p. m. on the 2nd day of May and did not return until around 9:00 p. m. When she left home she noticed a small car parked along Mississippi Street approximately one-half mile from her driveway. She could not describe the color of the vehicle or whether or not it was a convertible, although she did recall that the trunk lid was up and a man was standing by the car. She saw no other person near the automobile. When she and her husband returned home that evening they found an exterior door kicked in and upon examining the home she discovered her jewelry drawer was open and that various articles were scattered about. Nothing was missing.

Susie Temple, a 17-year-old neighbor, then testified that on the day in question at approximately 3:55 p. m. she drove by the Landers' residence on the way home from school and noticed a solid white Mustang automobile with its trunk open backed up to the Landers' garage. She did not recall if the vehicle was a convertible. She stated that she passed the Landers' residence a short time thereafter and the car was still there. At approximately 5:30 p. m. she had occasion to pass the residence a third time and the Mustang was gone.

Jim Sanders, a long-time resident of Nowata County then testified that at approximately 4:00 p. m. he observed a white or light gray Mustang convertible with a dark top stopped along "Stop 38 Road" with its trunk up and two men standing outside the vehicle. As he got closer, the two men got in the car and drove off. Since there had been numerous burglaries in the area, Sanders followed the Mustang for several miles until he could see the tag number, ZC–6311.

Osage County Deputy Sheriff Bill Mitchell then testified that at approximately 5:30 p. m. on the day in question he stopped a white over baby blue Mustang convertible, tag number ZC–6311, pursuant to a radio description that he had received earlier. The defendant was a passenger in the vehicle and co-defendant Ralph Teenor, Jr., was driving. Mitchell further stated that he read Teenor and the defendant their rights and with consent of Teenor searched the trunk of the Mustang. In the trunk Mitchell discovered a briefcase containing three screwdrivers and a flashlight. Nearby was a box containing a fully loaded .38 caliber revolver. Inside the car he also found some boots and leather gloves. The State then rested.

Co-defendant Ralph Teenor, Jr., then testified that on the 2nd day of May, 1974, he was a licensed private investigator and was looking for a residence believed to be five or seven miles from Bartlesville when a pickup truck began to follow him. He stated that later in the evening he and the defendant were stopped by Deputy Sheriff Mitchell who searched the trunk of his car without permission.

As a rebuttal witness the State called John Lanning, District Attorney for Nowata and Washington Counties, who testified that on the 14th day of April, 1975, he had occasion to have a conversation with the defendant, that the conversation was initiated by the defendant, and that during the discussion the defendant told him "No, we didn't do the Landers burglary, but we were looking for a house to hit."

The defendant's first assignment of error urges that the trial court erred by de-

nying the defendant's motion for a new trial on the grounds that the evidence produced at trial was so weak and uncertain that it was not sufficient to sustain the verdict.

In *Jones v. State,* Okl.Cr., 523 P.2d 1126, this Court held that where circumstantial evidence is relied upon to prove a crime it is not required that the circumstances proven shall exclude all possibilities of innocence, but only that they shall be inconsistent with any reasonable hypothesis other than that of guilt.

In the instant case the State relied solely upon circumstantial evidence. Susie Temple testified that at approximately 3:55 p. m. she observed a solid white Mustang in the Landers' driveway. The car was in the same position a short time later. Jim Sanders testified, however, that at approximately 4:00 he observed a white or light gray Mustang convertible with a dark top stopped along a road he described as "Stop 38 Road." At 5:30 p. m., Deputy Mitchell stopped a white over baby blue Mustang convertible with the same tag number as the one Sanders had observed near Barnsdall in Osage County. Three screwdrivers, a flashlight, a .38 caliber revolver and gloves were found in the vehicle along with the defendant and co-defendant Teenor. The defendant subsequently contacted the District Attorney in Washington County and stated that they did not commit the Landers' burglary but were in fact looking for "a house to hit." This statement was made nearly one year later, April 14, 1975, two days before the trial began.

After a thorough reading of the transcript, it is our opinion that the evidence presented at trial raises only a mere suspicion of guilt of the particular crime charged. At the time Miss Temple places a solid white Mustang in the Landers' driveway, Sanders is following a light Mustang convertible with a dark top which turns out to be the vehicle subsequently stopped in Osage County at 5:30 p. m.

One reasonable hypothesis inconsistent with guilt is that the co-defendants were not at the Landers' home at 4:00 p. m., but were in fact being followed by Sanders. The defendant is in no reasonable way connected with the commission of the crime and therefore the judgment and sentence appealed from should be and the same is, hereby, REVERSED for a new trial. If the State is unable to present additional evidence of guilt then the cause must be dismissed.